**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

UNITED STATES OF AMERICA        )
                                )    No.  01 CR 348
        v.                      )
                                )    Judge John F. Grady
                                )
EMIL SCHULLO                    )

**<u>MEMORANDUM OPINION</u>**

The court has under advisement the motion of the United States for entry of an order of garnishment directing the Garnishee, Town of Cicero Police Pension Board, to turn over to the Clerk of the Court the sum of $75,333.74, consisting of the amount of money the defendant Emil Schullo has contributed to the Board's pension plan. The Board has terminated the defendant's participation in the plan due to his criminal conviction in the case of <u>United States v. Schullo</u>, 01 CR 30 (N.D. Ill.). The requested garnishment order is based on Schullo's conviction in the instant case, <u>United States v. Spano, et al.</u>, 01 CR 348 (N.D. Ill.), where he was ordered to make restitution to the Town of Cicero in the amount of $6 million.

The government's motion is based primarily on 18 U.S.C. § 3613, entitled "Civil remedies for satisfaction of an upaid fine." Paragraph (a) of the statute reads as follows:

> (a) Enforcement.--The United States may enforce a judgment imposing a fine in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law. <u>Notwithstanding any other Federal law</u> (including section 207 of the Social Security

Act), a judgment imposing a fine may be enforced against all property or rights to property of the person fined, except that--

(1) property exempt from levy for taxes pursuant to section 6334(a)(1), (2), (3), (4), (5), (6), (7), (8), (10), and (12) of the Internal Revenue Code of 1986 shall be exempt from enforcement of the judgment under Federal law;

(2) section 3014 of chapter 176 of title 28 shall not apply to enforcement under Federal law; and

(3) the provisions of section 303 of the Consumer Credit Protection Act (15 U.S.C. 1673) shall apply to enforcement of the judgment under Federal law or State law.

18 U.S.C. § 3613(a)(emphasis added).[1] The government's position is that, with the exception of the specific exemptions listed in subsections (1) and (3) of paragraph (a), the effect of the paragraph is to make all other property subject to execution to satisfy a restitution order. Schullo disagrees and relies on the underlined language "[n]otwithstanding any other federal law." He contends that the specific reference to _federal_ law, without any mention of _state_ law, means that state law exemptions are unaffected by § 3616. He reminds us of the maxim _expressio unius est exclusio alterius_. Schullo concludes on this basis that the exemption his pension refund enjoys under Illinois state law applies to protect the refund in this garnishment proceeding as well.

Looking simply at the language of § 3613(a), we do not believe

---

[1] Paragraph (f) of § 3613 makes the section applicable to proceedings "for the enforcement of an order of restitution."

the exemption Schullo contends for can reasonably be inferred. There was no need for Congress to exclude state law exemptions in the sentence under consideration. That was accomplished by subsection (2) of paragraph (a), which states that 28 U.S.C. § 3014 shall not apply. That statute allows a debtor to exempt from debt collection by the United States any property that is exempt under state law. See 28 U.S.C. § 3014(a)(2)(A).

Importantly, § 3613 has been specifically held by the Seventh Circuit to permit enforcement of a lien arising from a restitution order in a criminal case against real estate that enjoyed a homestead exemption under Wisconsin state law. In United States v. Lampien, 89 F.3d 1316 (7th Cir. 1996), superceded on other grounds by statute as recognized in United States v. Hoover, 175 F.3d 564, 569 (7th Cir. 1999), the defendant was convicted of defrauding an insurance company and ordered to make restitution. The district court ordered the defendant to quitclaim her homestead to the victim insurance company. On appeal, one issue was whether the Wisconsin state law exemption for the homestead applied in the federal criminal case. The Court held that it clearly did not:

> Under the plain language of section 3613(a), upon the court's entry of the restitution order, a lien arose in favor of the United States upon all property belonging to Lampien, presumably including her homestead.

89 F.3d at 1320. The Court went on to note that paragraph (c) of § 3613 incorporates a collection provision of the Internal Revenue Code which the Supreme Court has held "allows the government to

enforce a lien upon any property owned by a delinquent taxpayer, including homestead property in which the taxpayer's spouse (or any other third party) shares an ownership interest with the taxpayer." Id.

We have no doubt that Lampien interprets § 3613 to exclude state law exemptions and that the holding applies to the defendant Schullo's right to a refund of his pension contributions. Schullo's efforts to distinguish the case are not persuasive. The Court did observe that it was not entirely clear that the Wisconsin homestead exemption applied to restitution orders imposed as a part of a criminal sentence. See id. at 1321. But, returning to its main theme, the Court went on to hold that the Wisconsin exemption would be void under the Supremacy Clause to the extent it were interpreted to prevent enforcement of the federal restitution order. See id. at 1321-22.

Aside from his contentions regarding the interpretation of § 3613, Schullo argues that he has no present right to a lump sum refund of his pension contributions because the Pension Board has agreed to conduct a new hearing regarding his right to continued participation in the pension plan. However, in its memorandum filed in response to Schullo's surreply brief, the Pension Board has made clear that its intention to hold a new hearing was entirely dependent upon a remand of the administrative review case from the Illinois Supreme Court. That never occurred, and judicial

review of the Board's decision terminating Schullo's participation in the pension plan has ended.  There will be no further hearing before the Board.  Therefore, the entire amount of Schullo's refund is available for garnishment.

Finally, Schullo argues that the garnishment of his entire refund would contravene this court's order requiring that restitution payments be made at the rate of 20% of his income upon his release from prison.  However, a scheduling order of that kind does not preempt the right of the government to seek immediate payment when funds are available.  See United States v. Hanhardt, 353 F. Supp. 2d 957, 959-60 (N.D. Ill. 2004).

## CONCLUSION

The motion of the United States for entry of an order of garnishment is allowed.  The parties may submit a proposed garnishment order agreeable as to form.


DATE:     June 6, 2006


ENTER:    _____
          John F. Grady, United States District Judge